McKEAGUE, Circuit Judge,
dissenting.
The district court here erred in three respects. First, by concluding that the Michigan Court of Appeals did not adjudicate McClellan’s ineffective assistance of counsel claim on the merits; second, by considering additional evidence on that claim from a hearing held by the district court; and third, by concluding that McClellan’s claim warranted relief.
The Michigan Court of Appeals’ denial of McClellan’s claims “for lack of merit on the grounds presented” was a merits adjudication subject to AEDPA deference. Accordingly, under Cullen v. Pinholster, the federal district court was limited to considering the record before the Michigan Court of Appeals at the time that court rendered its decision — this of course does not include evidence adduced at a hearing held by the federal district court several years after the state court decision.
*352 Applying AEDPA deference here, I conclude that McClellan’s counsel was not ineffective and that McClellan was not prejudiced by his counsel’s actions. Because the majority concludes otherwise, I respectfully dissent.
I.
A.
Supreme Court and Sixth Circuit precedent dictate that the Michigan Court of Appeals’ one sentence decision denying McClellan relief “for lack of merit in the grounds presented” was an adjudication on the merits.
In Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 784-85, 178 L.Ed.2d 624 (2011), the Supreme Court held that “when a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.” The Court further explained, “... [w]here a state court’s decision is unaccompanied by an explanation, the habeas petitioner’s burden still must be met by showing there was no reasonable basis for the state court to deny relief.” Id. at 784. The Court also acknowledged that the presumption that the decision was on the merits “may be overcome when there is reason to think some other explanation for the state court’s decision is more likely.” Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)).
Recently, in Werth v. Bell, 692 F.3d 486 (6th Cir.2012), a panel of this Court held that under Richter, a Michigan Court of Appeals’ order denying relief “for lack of merit in the grounds presented” was presumed to be an adjudication on the merits, and thus “AEDPA deference applies ... absent some ‘indication or [Michigan] procedural principle to the contrary.’ ” Werth, 692 F.3d at 493.
The application of Richter and Werth to the present matter is straightforward. The Michigan Court of Appeals’ denial of McClellan’s ineffective assistance claim “for lack of merit on the grounds presented” is an adjudication on the merits subject to AEDPA deference, unless there is “reason to think some other explanation for the state court’s decision is more likely.” Richter, 131 S.Ct. at 785; Werth, 692 F.3d at 494.
The majority here incorrectly concludes there are other reasons to believe the state court of appeals’ decision was on procedural grounds rather than on the merits. First, the majority argues that “the available evidence establishes” that the state courts’ decisions denied McClellan’s petition as procedurally defaulted rather than on the merits. The evidence cited by the majority includes the language in the state trial court opinion denying McClellan’s motion for relief from judgment and whether the court of appeals had the trial court record before it when it decided McClellan’s application for leave to appeal.
This evidence includes information produced by the state after additional briefing by the parties.[1] The State’s supplemental brief stated that it contacted the Chief *353 Clerk of the Michigan Court of Appeals who, according to the State, advised that “the docket events [in the case] reveal that the panel deciding McClellan’s appeal from the denial of his motion ... did not have the lower court record when it rendered its decision.” The majority inappropriately concludes from this that in fact the judges on the state court of appeals panel did not have access to or review the trial court record. The fact that a court employee did not docket receipt of the transcripts does not necessarily mean the judges did not review them. The Chief Clerk acknowledged the uncertainty about what the judges actually review when deciding a case precisely because “judges do not record their deliberative process in docket entries.”
Further, it is not unheard of for an appellate court to access lower court records even when those records are not on the court of appeals or lower court docket. For example, the federal courts’ Pacer system — or for that matter a brief phone call — allows us to access many lower court documents that have not otherwise been docketed in the court of appeals or that may be sealed. The bottom-line is there really is no way of knowing what the Michigan Court of Appeals judges were considering when they denied McClellan’s application. This is precisely the kind of “theoretical possibility” and “pure speculation” the Supreme Court admonished ha-beas courts to avoid in an effort to circumvent the deference owed to state court summary orders. Richter, 131 S.Ct. at 785. With this in mind, surely, the Richter Court would not agree with the majority’s reliance on the Chief Clerk’s assertions as a basis for concluding that the state court of appeals decision was not on the merits.
Apart from speculation about what materials the state court of appeals judges actually considered in denying relief, there is no reason here to conclude that there is some other non-merits basis for the court of appeals decision. In Ylst, the Supreme Court asserted that “where ... the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.” 501 U.S. at 803, 111 S.Ct. 2590. In Ylst, the last reasoned opinion on the issue in question was a California Court of Appeal opinion in which “the sole basis for its rejection of the ... claim was [a] state procedural rule.” Id. at 799, 111 S.Ct. 2590.
But in this case, in denying McClellan’s motion for relief from judgment, the trial court discussed both merits and procedure, thus making it difficult to conclude that the subsequent state court of appeals’ summary decision must rest on purely procedural grounds. The trial court’s opinion, a succinct nine paragraphs, spent nearly half of its space discussing the merits of McClellan’s ineffective assistance claims, including that McClellan’s counsel’s performance was not objectively unreasonable for failing to call defense witnesses to support McClellan’s self-defense claim, and that McClellan could not establish actual prejudice from these trial decisions. Specifically, the opinion stated:
The decision of what witnesses to call at trial is legal strategy. The court will not substitute its own judgment for that of defense counsel. Any actions by defense counsel, which can be attributed to legal strategy, will not be grounds for ineffective assistance of counsel. Therefore, counsel forgoing the opportunity to call witnesses to support that Defendant acted in self-defense is not grounds for ineffective assistance of counsel.
*354 (Order Den. Mot. for Relief, Page ID # 1020). This is clearly merits language.[2]
Additionally, while the trial court stated in conclusion that McClellan failed to show cause and prejudice for his procedural default, it also stated that McClellan’s motion was denied, “[f]or all the reasons stated.” In other words, it is not at all clear from the opinion that the “sole basis” for rejecting McClellan’s claim was the state procedural rule. In Werth, we noted that “pointing only to the ambiguous language of the Michigan courts’ orders, and Michigan cases and court rules ...” is not enough to support an explanation that some other reason for the court of appeals summary denial is more likely. Werth, 692 F.3d at 494 (citing Richter, 131 S.Ct. at 785). Further, this Court’s prior cases leave no doubt that as long as the state court put forward a merits-based ground for denying post-conviction relief, its mentioning of procedural default as an alternative or even primary ground for denying relief does not preclude AEDPA deference. Hoffner v. Bradshaw, 622 F.3d 487, 505 (6th Cir.2010); see also Brooks v. Bagley, 513 F.3d 618, 624-25 (6th Cir.2008) (confirming this rule and noting that “[a]ll of the circuit courts that have considered th[is] question” have held the same).
Next, with respect to McClellan’s subsequent leave application to the Michigan Court of Appeals, the majority improperly concludes that because the court of appeals did not have the trial court record at the time it rendered its decision, “the only reasonable inference to be drawn” is that the court of appeals “could not have denied McClellan’s petition on the merits[.]” The majority’s conclusion is not only speculative, but it is also based on an inaccurate premise.
First, McClellan’s primary claim in his appeal from the denial of his motion for relief from judgment was not that he had overcome a procedural default, but rather that he was denied effective assistance of counsel in that his attorney “failed to investigate and present his self-defense claim,” and “failed to request disclosure of discovery.” McClellan’s procedural default argument was relegated to his third point on appeal. Further, McClellan’s application also included a fact section detailing the events that transpired the night of the shooting, as well as relevant trial testimony with citations to the trial court record.[3]
*355 Second, the majority also fails to discuss the fact that the Michigan Court of Appeals had before it several sworn affidavits from McClellan and the witnesses he thought should be investigated and presented at trial. These affidavits were attached in the appendix to McClellan’s leave application, and his application cites to them multiple times. The affidavits are intended to establish that McClellan was acting in self-defense in that they allege McClellan’s victim picked up an object before approaching McClellan and that it appeared as though the victim was carrying a gun. The affidavits also assert that McClellan was not searched as he entered the club and that he did not leave the club to retrieve a weapon. McClellan’s ineffective assistance claim rested entirely on what he claimed these witnesses would have testified to at his trial had they been called.
In other words, the state court of appeals had the merits of McClellan’s ineffective assistance claim front and center. Not only were the underlying facts of the shooting and the testimony at trial set forth in McClellan’s application, but the court was also able to consider the testimony that McClellan claimed was so crucial to his defense and thus to his ineffective assistance claim.
The conclusion that the court of appeals decision was on the merits and that the Richter presumption has not been rebutted is bolstered by two other considerations. First, Michigan courts have “consistently held that denial of an application ‘for lack of merit in the grounds presented’ is a decision on the merits of the issues raised.” People v. Collier, 2005 WL 1106501, at *1 (Mich.Ct.App.2005). Second, the State asserted at oral argument that the court of appeals’ denial here was atypical and that generally, in denying appeals from motions for relief from judgment, in “85-90%” of cases, the court issues an order stating the appellant failed to establish grounds for relief under Mich. Ct. R. 6.508(D). That rule includes the standard for procedural default, Mich. Ct. R. 6.508(D)(3), and is therefore likely to have been the rule that the court of appeals would have relied on had its denial of McClellan’s application been procedural.
In sum, the merits of McClellan’s claims were before the court of appeals, the court was able to consider the underlying factual circumstances and trial testimony, as well as the affidavits from several of the witnesses that McClellan argued would have changed the outcome in his trial, and as a matter of Michigan law, the court’s statement that it was denying the application on the merits is a decision on the merits. All of this reinforces the Richter presump *356 tion that the state court decision was on the merits, and undermines the majority’s conclusion that there is some other reason to conclude the decision was not merits based. Here, there is not enough in the record to establish there is a “reason to think some other explanation for the state court’s decision is more likely.” Richter, 131 S.Ct. at 785; Werth, 692 F.3d at 494.[4]
Because the Michigan Court of Appeals’ decision denying McClellan’s leave application “for lack of merit in the grounds presented” adjudicated McClellan’s ineffective assistance of counsel claim on the merits, it is entitled to AEDPA deference under 28 U.S.C. § 2254(d). Werth, 692 F.3d at 494. McClellan therefore has to show that the state court’s decision was contrary to or an unreasonable application of clearly established federal law as decided by the Supreme Court, or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1) and (2).
In Cullen v. Pinholster, — U.S. -, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011), the Supreme Court held “that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.” This Court has agreed that “[§ 2254(d)(1) ] review is ... ‘limited to the record that was before the state court.’ ” Bray v. Andrews, 640 F.3d 731, 737 (6th Cir.2011). In Pin-holster, the Supreme Court made sure to clarify that this limitation was not a wholesale bar on federal evidentiary hearings, and that § 2254(e)(2) would “continue[ ] to have force where § 2254(d)(1) does not bar federal habeas relief,” such as when the state court decision was not an adjudication on the merits. 131 S.Ct. at 1401. But here, the state court decision was on the merits, and thus Pinholster’s limitations apply. As such, to the extent the district court reviewed McClellan’s claims under § 2254(d)(1), it was error for the district court to consider evidence outside of the state court record.[5]
II.
A.
McClellan has failed to establish on the record before the state court of appeals that its decision was contrary to or an unreasonable application of Supreme Court precedent. In assessing the reasonableness of an unexplained merits adjudication by a state court under § 2254(d), a habeas court must “determine what arguments or theories supported or ... could have supported the state court’s decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of *357 [the Supreme Court].” Richter, 131 S.Ct. at 786. Where the state court did not elucidate the reasons for its decision, “the habeas petitioner’s burden still must be met by showing there was no reasonable basis for the state court to deny relief.” Id. at 784. This “highly deferential standard” requires that determinations made in state court “be given the benefit of the doubt.” Pinholster, 131 S.Ct. at 1398 (internal quotation marks omitted).
McClellan’s claims rest on the effectiveness of his counsel at trial. Accordingly, to prevail on his claim, McClellan must demonstrate that his counsel’s performance was deficient and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Foust v. Houk, 655 F.3d 524, 533 (6th Cir.2011). To show deficiency, McClellan must overcome the “strong[] presum[ption]” that his counsel “rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.” Strickland, 466 U.S. at 690, 104 S.Ct. 2052. To demonstrate prejudice, McClellan must “show that there is a reasonable probability that, but for, counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. This means he must show a “ ‘substantial,’ not just ‘conceivable,’ likelihood of a different result.” Pinholster, 131 S.Ct. at 1403 (quoting Richter, 131 S.Ct. at 791).
When analyzing a Strickland claim under § 2254(d), this Court’s review is “ ‘doubly deferential.’ ” Pinholster, 131 S.Ct. at 1403 (quoting Knowles v. Mirzayance, 556 U.S. 111, 129, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009)). Accordingly, the key question “ ‘is whether there is any reasonable argument that counsel satisfied Strickland’s deferential standard.’ ” Foust, 655 F.3d at 533-34 (emphasis added) (quoting Richter, 131 S.Ct. at 788).
B.
1.
McClellan argues that his trial counsel was ineffective for failing to conduct a full investigation and interview witnesses who may have corroborated his self-defense claims and negated the argument that his actions were premeditated. But McClellan has failed to establish that his counsel’s strategy was objectively unreasonable or that he was prejudiced by his counsel’s strategy.
McClellan’s trial counsel argued throughout the trial that McClellan acted in self-defense. He did so in his opening and closing remarks and also by attacking the testimony of the prosecution’s witnesses and arguing that it was the prosecution’s burden to prove that McClellan did not act in self-defense. As part of this strategy, defense counsel elicited testimony that some of the witnesses heard someone in the victim’s group had a gun, that McClellan was back-pedaling and pushed up against a wall when the victim charged at him, and that the shooting occurred in an atmosphere of threats and tension. Accordingly, the jury was instructed on first and second degree murder, voluntary manslaughter, and self-defense.
McClellan’s trial counsel clearly made the case for self-defense. Accordingly, McClellan’s ineffective assistance claim is essentially that certain witnesses, had they been investigated and called, could have made his self-defense claim stronger. The affidavits in the Michigan court of appeals’ record show that much of the additional testimony would have merely reiterated what defense counsel was able to elicit from the prosecution’s witnesses — specifically, that McClellan was being assaulted at the time the shots were fired and that someone in the victim’s group had a gun.
*358 Additionally, as the Supreme Court recently noted in Richter: “To support a defense argument that the prosecution has not proved it is sometimes better to try to cause pervasive suspicion of doubt than to strive to prove a certainty that exonerates. All that happened here is that counsel pursued a course that conformed to the first option ... In light of the record here there was no basis to rule that the state court’s determination was unreasonable.” 131 S.Ct. at 790. On the record before the state court here, there is no reason to conclude that McClellan’s trial counsel’s performance was deficient.
2.
McClellan’s argument that he was prejudiced by his counsel’s alleged deficiency is also without merit. As noted in Pinhol-ster, for a defendant to show a “reasonable probability” of a different result due to counsel’s deficient performance requires a “substantial” not just “conceivable” likelihood of a different result. 131 S.Ct. at 1403 (quoting Richter, 131 S.Ct. at 791). McClellan cannot show that had his counsel investigated or called his family and friends to testify that there would be a “substantial” likelihood of a different result on his claim that the shooting was in self-defense or that it was not premeditated.
One of the prosecution’s witnesses, a club security guard, testified that the victim was not carrying a weapon at the time of the shooting and that McClellan shot the victim after he was already down on the ground. He also testified that McClellan was one of two people he saw coming from a parking lot area after leaving the club but prior to joining the altercation. He further testified that it appeared as though the victim was falling backward before he had even been shot. Additionally, the medical testimony about the victim’s four bullet wounds did not support McClellan’s self-defense claim because there were no wounds going from front to back in a manner that would justify concluding he used the gun in self-defense case.
It is remotely possible that McClellan’s family members’ would have bolstered his self-defense claim, but his family members may also have been seen as biased and thus their testimony possibly discredited, whereas the security guard and medical testimony is relatively objective.
The majority also asserts that McClellan’s witnesses would have testified that he had the weapon in the club and did not retrieve it from his car, and that this evidence “disproved] the State’s theory of premeditation.” And in fact, the affidavits considered by the state court of appeals show that McClellan’s witnesses would have testified consistent with this theory. But there was ample other evidence at trial to support a finding of premeditation under Michigan law.
In Michigan, “premeditation and deliberation require sufficient time to allow the defendant to take a second look.” People v. Schollaert, 194 Mich.App. 158, 486 N.W.2d 312, 318 (1992); see also People v. Tilley, 405 Mich. 38, 273 N.W.2d 471, 473-74 (1979) (“the interval between initial thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a second look.”) (internal quotation omitted). At trial, the prosecutor presented the alternative argument that McClellan premeditated when he had the gun at his side for some time prior to shooting the victim, and several witnesses testified to this account. Accordingly, there was evidence in the record to support a claim that McClellan premeditated even if he had not left the club to go get a gun from a vehicle. It is not substantially likely that if McClel- *359 Ian’s friends had testified McClellan had the gun when he entered the bar that their biased testimony would have been enough to create a different result.
Based on the record before the Michigan Court of Appeals, there are several reasonable arguments that counsel satisfied Strickland’s deferential standard. Foust, 655 F.3d at 533-34. As such, its merits determination was not contrary to or an unreasonable application of clearly established federal law and to the extent that the district court and majority conclude otherwise, those conclusions are erroneous.[6]
III.
For the foregoing reasons, I dissent. I would reverse the decision of the district court conditionally granting the writ of habeas corpus.

. This information arose in response to several questions posed during oral argument, including from me, and in response to additional briefing requested of the parties. In my view, this line of inquiry into the state court's decision making process was probably inappropriate because, as explained herein, disclosure of such information creates a risk that matters extrinsic to the public record will improperly influence the reviewing court's decision.

. The majority's characterization of McClellan's claim as strictly a failure to investigate claim undermines their argument that the state trial court's denial of the motion for relief from judgment is evidence rebutting the Richter presumption. McClellan only presented a failure to call claim to the trial court, not a failure to investigate claim, and the trial court only discussed the merits of his failure to call claim. It did not even discuss a failure to investigate claim in the context of default or otherwise. It was not until his subsequent leave application that McClellan squarely presented a Michigan court with his failure to investigate claim. Additionally, the federal district court's conditional grant of habeas relief appeared to rest on both failure to investigate and failure to call claims. It stated, "The Court held an evidentiary hearing on Petitioner's claim that his trial counsel was ineffective for failing to call a number of witnesses at trial." In its subsequent discussion, the court found that McClellan's counsel was deficient for "failing to investigate the possibility of calling the men ... as defense witnesses at trial,” and that counsel "did not make an objectively reasonable decision not to call the defense witnesses....” McClellan v. Rapelje, 2011 WL 2447999, at *11 (E.D.Mich. June 14, 2011).

. The majority argues that because I rely in part on the fact section of McClellan’s briefing to the court of appeals, I am asserting that a court could decide the merits of a claim without considering evidence in the record. It is important to note, that we are starting from the presumption that the decision was on the merits. Thus, I am attempting to show that McClellan has failed to rebut this pre *355 sumption. Certainly, the majority is not taking the position that reviewing McClellan’s leave application or the attachments therein is inappropriate in attempting to discern whether there is some other non-merits basis for the court of appeals summary order. Additionally, my conclusion that McClellan failed to rebut the Richter presumption is not only based on the fact section of his leave application, but I also point to several other things that lead clearly to the conclusion that some other non-merits reason for the state court of appeals decision has not been shown to be "more likely.” Richter, 131 S.Ct. at 785. Further, the majority’s reliance on Mich. Ct. R. 7.210(A)(1) (strictly defining the record on appeal as the transcript and exhibits from the lower court), if read as completely unambiguous, suggests that an appellate court could not even consider the parties' briefs in deciding a case. Clearly, that reading is incorrect. Moreover, as stated above, before even considering whether the state court of appeals looked at McClellan’s affidavits, we are already presuming the decision was on the merits. It is McClellan’s burden to show that the decision was not on the merits, and he has not carried that burden here.

. Moreover, the fact that the State initially argued to the federal district court that McClellan’s claims were procedurally defaulted and then later argued that there was a decision on the merits cannot be grounds for concluding there is some other non-merits basis for the state court of appeals decision. Whether AEDPA deference or de novo review applies is a question for the courts to answer — not the parties. See K &T Enters., Inc. v. Zurich Ins. Co., 97 F.3d 171, 175 (6th Cir.1996) ("The parties ... cannot determine this court's standard of review ... [s]uch a determination remains for this court to make for itself.”). And certainly, a party’s litigating position does not bind a court to a particular outcome. The fact that the State pressed a particular argument at different points in the proceedings does not necessarily mean that the state court of appeals’ decision was consistent with that position.

. Pinholster was decided before the district court issued the writ, and the State moved for reconsideration based on Richter and Pinhol-ster, but the district court did not mention Pinholster in either of its written decisions.

. The district court rejected the State’s claim that the Michigan Court of Appeals’ order was on the merits, but addressed the § 2254(d) analysis in the alternative.